UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Marvin Munt,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Kent Grandlienard,<br><br>　　　　　Respondent. | Case No. 13-CV-3573 (SRN/SER)<br><br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

　　The Court denied petitioner Joel Marvin Munt's petition for a writ of habeas corpus in 2015.  *See* Doc. No. 31.  Now, eight years later, Munt has filed a motion for relief from the judgment in this matter pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  For the reasons explained below, that motion is denied.

　　Motions under Rule 60(b) from petitioners in habeas proceedings come in two flavors.  First, a petitioner will sometimes argue that new claims, or new arguments related to old claims, demonstrate that he is entitled to habeas relief and that the judgment should therefore be vacated.  The Eighth Circuit has recognized that these kinds of Rule 60(b) motions, in effect, are themselves habeas petitions that have merely been given another name by the petitioner.  *See Ward v. Norris*, 577 F.3d 925, 932-33 (8th Cir. 2009).  But in the case of petitioners, like Munt, who are in custody pursuant to a state-court judgment, authorization of the court of appeals is required before they may file a second-or-successive habeas petition in federal district court.  *See* 28 U.S.C. § 2244(b).  Petitioners cannot evade

1

the bar on authorized second-or-successive habeas petitions simply by calling their habeas petition something else. When presented with a habeas petition masquerading as a Rule 60(b) motion, a federal district court is required to treat the Rule 60(b) motion as though it were a second-or-successive habeas petition.

Second, a petitioner sometimes will argue through a Rule 60(b) motion that there was a fundamental defect in the original habeas proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). For example, a fraud committed on the Court might have precluded the Court from giving full and fair consideration to the habeas claims in the first instance. *See id*. at 532 n.5. This kind of Rule 60(b) motion seeks not to litigate new claims or new arguments, but to reopen a proceeding that improperly reached its terminus. Such a Rule 60(b) motion is *not* a second-or-successive habeas petition and may be adjudicated by the district court without authorization by the court of appeals, though the litigant of course must demonstrate that they are entitled to relief under Rule 60(b)—a tall order, as relief is available only in extraordinary circumstances.[1] *See Ackermann v. United States*, 340 U.S. 193, 199 (1950).

---

[1] The "extraordinary circumstances" language of *Ackermann* and similar cases applies only to Rule 60(b)(6). Munt does not specify under which provision of Rule 60(b) he seeks relief, but in context, he could only be seeking relief under Rule 60(b)(6). It is too late for Munt to seek relief under the first three provisions of Rule 60(b), *see* Fed. R. Civ. P. 60(c); Munt could not credibly argue that the judgment is void in this matter, *see* Fed. R. Civ. P. 60(b)(4); and the judgment has not been satisfied, discharged, vacated, or so on, *see* Fed. R. Civ. P. 60(b)(5). This leaves only the catch-all provision of Rule 60(b)(6) as a possibility.

Munt's motion under Rule 60(b) raises both kinds of arguments. According to Munt, the conduct of the Minnesota Department of Corrections—providing insufficient research time and legal materials, discouraging petitioners from seeking assistance from other prisoners, and seizing legal materials—made it practically impossible for him to litigate this habeas proceeding fully and fairly. But Munt also argues that if he had been given a fair opportunity to litigate this action, there are many other arguments and claims he would have raised that (in his view) demonstrate the illegality of his conviction and sentence.

This second aspect of Munt's Rule 60(b) motion is flatly precluded by the bar on unauthorized second-or-successive habeas petitions. New claims and new arguments attacking his conviction are precisely what Munt *cannot* raise through a Rule 60(b) motion. *See Gonzalez*, 545 U.S. at 532. This Court's jurisdiction is limited only to that aspect of the motion attacking the integrity of the underlying habeas proceedings.

In this regard, Munt's motion falls well short of showing that he is entitled to relief from the judgment entered in this proceeding. As an initial matter, Munt's claims of having insufficient time and resources to litigate this proceeding fairly are not borne out by the record in this matter. To begin, habeas petitioners challenging a state-court conviction generally are limited to claims that already were fairly presented to the state courts. *See* 28 U.S.C. § 2254(b). By the time that a habeas petitioner arrives in federal court, the grounds on which relief he seeks relief and the arguments supporting those claims should already have been developed. But even leaving that aside, Munt was given additional time in which to prepare an amended habeas petition (after his first was rejected on procedural

3

grounds) and additional time in which to file an objection to the Report and Recommendation that recommended that the habeas petition be denied. The lone occasion on which Munt asked for more time, he received exactly the amount of time that he requested. *See* Doc. Nos. 25 & 27. Nowhere in Munt's motion for an extension did he allege that overall prison conditions made it impossible for him to formulate his arguments, instead arguing only that mail delays and temporary closures necessitated a few extra weeks. He was given that time.

Still more time is not likely to have done Munt much good. Munt could not by that point have raised additional claims, as any amended pleading would have been untimely. *See* 28 U.S.C. § 2244(d). Moreover, the claims that Munt did raise—with one exception, for which Munt was granted a certificate of appealability and for which counsel was appointed to represent Munt on appeal—were not especially close calls, even after being afforded the liberal interpretation given to all pro se pleadings. What doomed Munt was not (as he argues) that he had insufficient access to electronic databases and books of equitable maxims, but that Munt's claims lacked merit.

Finally, even if Munt's Rule 60(b) motion were to be granted, it would do him little good. The Court has reviewed the arguments raised in the Rule 60(b) motion and concludes that it is overwhelmingly unlikely that a different conclusion would be reached regarding the claims that were raised in these proceedings. Any new claims would be untimely.[2]

---

[2] Munt argues that his new claims would fall within the statute of limitations due to having been impeded by state action from raising the claims earlier, *see* 28 U.S.C.

4

The motion is denied.

**CONCLUSION**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that petitioner Joel Marvin Munt's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. No. 51] is **DENIED**.

Dated: October 26, 2023                                             s/Susan Richard Nelson
                                                                    SUSAN RICHARD NELSON
                                                                    United States District Judge

---

§ 2244(d)(2), or, alternatively, that the limitations period should be equitably tolled due to the difficulties he has faced in presenting his claims earlier, *see Lawrence v. Florida*, 549 U.S. 327, 328 (2007).  The suggestion that the State of Minnesota has impeded Munt from accessing the federal courts is risible.  Munt has filed so many lawsuits in federal court during his incarceration, and conducted those lawsuits with sufficient vexatiousness, that it became necessary to impose restrictions on his ability to initiate new litigation absent prior judicial approval.  *See Munt v. Roy*, No. 19-CV-0056 (JNE/HB), Doc. No. 75 (D. Minn. May 5, 2020).  Also not compelling is Munt's argument that extraordinary circumstances justifying equitable tolling throughout the decade since his conviction became final have precluded him from raising any of his new claims and arguments.  *See also Munt v. State*, 984 N.W.2d 242, 245-50 (Minn. 2023) (affirming denial of Munt's petition for postconviction relief on timeliness grounds and noting Munt's lack of diligence in pursing postconviction relief in the state courts).